**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Allstate Insurance Company, a Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>United States of America; United States Air Force; Thomas E. Stephenson, and if married, Jane Doe Stephenson, husband and wife; et al.,<br><br>            Defendants. | No. CIV 06-089-GEE<br><br>**ORDER** |

Pending before the court is a motion to dismiss filed on June 16, 2006, by the defendant, Thomas E. Stephenson. [#11][1]. The plaintiff, Allstate Insurance Company (Allstate), filed a response.

The plaintiff in this case, Allstate, is subrogating the claim of its insured, Lisa Carzoli whose vehicle was rear-ended by a vehicle operated by the defendant, Stephenson. Allstate alleges that, at the time of the accident, Stephenson was acting within the scope of his employment as a member of the United States Air Force and brings this action pursuant to the Federal Tort Claims Act. Stephenson moves that this court dismiss him as a party because he is statutorily immune from suit.

---

[1] Clerk's record number.

1  Magistrate Judge Edmonds presides over this action pursuant to 28 U.S.C. § 636(c)(1)
2  having received the written consent of all parties.
3  Neither party requested a hearing, and the court finds the motion suitable for decision
4  without oral argument.  The motion to dismiss will be granted.  Taking the allegations in
5  Allstate's complaint to be true, Stephenson cannot be a party to an action brought pursuant
6  to the Federal Tort Claims Act.  28 U.S.C.A. § 2679(b)(1).

8  <u>Factual and Procedural Background</u>
9  On May 5, 2004, Lisa Carzoli was involved in a four-vehicle traffic accident
10 apparently caused by the defendant, Thomas E. Stephenson, who rear-ended Carzoli, who
11 then rear-ended the vehicle in front of her which, in turn, rear-ended the first vehicle in line.
12 (Plaintiff's response, Exhibit A.)  At the time of the accident, Stephenson was a captain in
13 the U.S. Air Force, and was driving a vehicle with U.S. Air Force license plates.  *Id.*
14 After the accident, Stephenson was given a traffic citation for failure to control speed
15 to avoid an accident and a criminal citation for failure to remain at an accident scene with
16 injury.  *Id.*
17 Carzoli's vehicle sustained approximately $ 8,000 in damage. (Complaint.)  Allstate,
18 as her insurer, paid this sum (less a deductible) to Carzoli, and accordingly, her claim is now
19 subrogated to Allstate.  *Id.*
20 On February 23, 2006, Allstate filed a complaint alleging Stephenson negligently
21 caused the accident while acting within the course and scope of his employment with the
22 U.S. Air Force.  Accordingly, it brings this action pursuant to the Federal Tort Claims Act,
23 28 U.S.C. §§ 2671-2680.[2]  (Complaint.)
24 On June 16, 2006, the defendant, Thomas E. Stephenson, filed the instant motion to
25 dismiss pursuant to FED.R.CIV.P. 12(b)(6). He claims he should be dismissed from the action

---

[2] The complaint also references 39 U.S.C. § 409 and 28 U.S.C. § 1339, but these statutes concern actions against the U.S. Postal Service and are inapposite to the instant action.

1  because he is statutorily immune from suit. Allstate filed a response arguing the motion is
2  not ripe.
3       On July 10, 2006, the government filed a motion to dismiss for lack of jurisdiction.
4  The government argues Stephenson was not acting within the course and scope of his
5  employment when he caused the accident.
6
7       <u>Standard: Failure to State a Claim Upon Which Relief Can be Granted</u>
8       A complaint may be dismissed for failure to state a claim upon which relief can be
9  granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support
10 of the claim which would entitle the plaintiff to relief." *Thompson v. Davis*, 295 F.3d 890,
11 895 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003). "[I]t may appear on the face of the
12 pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v.*
13 *Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by*, *Harlow v. Fitzgerald*,
14 457 U.S. 800 (1982). "The issue is not whether a plaintiff will ultimately prevail but whether
15 the claimant is entitled to offer evidence to support the claims." *Id.*
16      In considering the motion, "[a]ll allegations of material fact are taken as true and
17 construed in the light most favorable to the non-moving party. . . ." *Simpson v. AOL Time*
18 *Warner Inc.,* 452 F.3d 1040, 1046 (9th Cir. 2006). Nevertheless, "conclusory allegations of
19 law" and "unwarranted inferences" are, by themselves, insufficient to defeat the motion. *Id.*
20
21      <u>Discussion</u>
22      The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq., "provides
23 a limited waiver of the sovereign immunity of the United States for torts committed by
24 federal employees acting within the scope of their employment." *Nurse v. United States*, 226
25 F.3d 996, 1000 (9th Cir. 2000). The government accepts liability "under circumstances where
26 the United States, if a private person, would be liable to the claimant in accordance with the
27 law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).
28

- 3 -

1     This remedy against the United States, however, is exclusive of any other civil action against the employee. "Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded . . . ." 28 U.S.C. § 2679(b)(1).

    Allstate alleges in its complaint that Stephenson negligently caused the accident while acting within the course and scope of his employment with the U.S. Air Force. Taking these allegations as true, as the court must, Stephenson is immune from suit. *See Kee v. U. S.*, 168 F.3d 1133, 1135-36 (9th Cir. 1999).

    Allstate argues in its response that Stephenson's motion is not ripe because the government has filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) and "a 12(b)(1) motion must be decided before other motions as they will become moot if dismissal is granted" citing *Orient v. Linus Pauling Institute of Science and Medicine*, 936 F.Supp. 704, 706 (D. Ariz. 1996). In the instant case, however, resolution of the government's motion cannot cause the dismissal of the entire case. Accordingly, there is no savings of judicial resources to be had by delaying the court's ruling on the instant motion. Accordingly,

    IT IS ORDERED THAT the motion to dismiss filed on June 16, 2006, by the defendant, Thomas E. Stephenson, is GRANTED. [#11] Stephenson is dismissed as a party to this action.

    DATED this 17th day of November, 2006.

*[signature]*
Glenda E. Edmonds
United States Magistrate Judge