1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Allstate   Insurance   Company,   a)   No. CIV 06-089-GEE
     Corporation,                        )
10                                        )   **ORDER**
                    Plaintiff,            )
11                                        )
     vs.                                  )
12                                        )
                                          )
13   United States of America; United States)
     Air Force; Thomas E. Stephenson, and if)
14   married, Jane Doe Stephenson, husband)
     and wife; et al.,                    )
15                                        )
                    Defendants.           )
16                                        )
                                          )
17   _____)

18          Pending before the court is an amended motion to dismiss filed on July 10, 2006, by

19   the defendants, United States of America and United States Air Force (the government).

20   [#14][1].   The plaintiff, Allstate Insurance Company (Allstate), filed a response, and the

21   government filed a reply.

22          The plaintiff in this case, Allstate, is subrogating the claim of its insured, Lisa Carzoli

23   whose vehicle was rear-ended by a vehicle operated by the defendant, Stephenson.  Allstate

24   alleges that, at the time of the accident, Stephenson was acting within the scope of his

25   employment as a member of the United States Air Force and brings this action pursuant to

26

27   _____

28          [1]  Clerk's record number.

the Federal Tort Claims Act.  The government moves that this court dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction.

Magistrate Judge Edmonds presides over this action pursuant to 28 U.S.C. § 636(c)(1) having received the written consent of all parties.

Neither party requested a hearing, and the court finds the motion suitable for decision without oral argument.  The motion to dismiss will be granted.  Stephenson was not acting within the scope of his employment at the time of the accident.

Factual and Procedural Background

The defendant, Thomas E. Stephenson, is a captain in the U. S. Air Force. (Defendants' response, Exhibit 1.)  At the time of the accident, Stephenson was stationed at Vandenberg Air Force Base in California, but he was sent to Davis Monthan Air Force Base (the Base) in Tucson, Arizona, for a ninety-day temporary duty assignment.  (Defendants' response, p. 3.)  Stephenson was assigned to the 612th Air Operations Group which was "engaged in command and control of air operations for military security and stabilizations operations in Haiti."  (Defendants' response, Exhibit 1.)

Stephenson was housed in an apartment rented by the U.S. Air Force for visiting personnel located 25 minutes north of the Base.  *Id.*  Because visiting personnel do not have their own personal vehicles, they are allowed to drive a government-owned vehicle to commute between their apartments and the Base.  *Id.*  They are allowed to use these vehicles for "grocery shopping and to accomplish tasks required for their sustenance, as long as it was within a reasonable proximity to the military installation or the apartments."  *Id.*  "The vehicles were not authorized to be used for recreational, entertainment or any other purpose."  *Id.*

On May 5, 2004, Stephenson finished his duty shift and drove one of these government owned vehicles to his apartment.  *Id.*  He changed out of his uniform and into civilian clothes.  *Id.*  He then decided to drive to the mall for dinner.  *Id.*  While en route to the mall, Stephenson rear-ended the vehicle driven by Lisa Carzoli.  *Id.*

1    Carzoli's vehicle sustained approximately $ 8,000 in damage. (Complaint.) Allstate,
2    as her insurer, paid this sum (less a deductible) to Carzoli, and accordingly, her claim is now
3    subrogated to Allstate.  (Complaint.)

4    On February 23, 2006, Allstate filed a complaint alleging, among other things[2], that
5    Stephenson caused the accident "unlawfully, recklessly, and negligently" while acting within
6    the course and scope of his employment with the U.S. Air Force.  (Complaint, ¶¶ 9, 10.)
7    Accordingly, it brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§
8    2671-2680.[3]  (Complaint, ¶ 1.)

9    On July 10, 2006, the government filed the instant motion to dismiss pursuant to
10   FED.R.CIV.P. 12(b)(1).  The government argues Stephenson was not acting within the course
11   and scope of his employment when he caused the accident.   Allstate filed a response, and
12   the government filed a reply.

13

14   Motion to Dismiss for Lack of Subject Matter Jurisdiction

15   A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) challenges this court's subject
16   matter jurisdiction.  Because federal courts are courts of limited jurisdiction, the party
17   invoking the jurisdiction of the court has the burden of proof.  *Thornhill Pub. Co., Inc. v.*
18   *General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

19   If the motion challenges the factual basis for jurisdiction and is supported by affidavits
20   or other evidence, the non-moving party may not rely on allegations made in the complaint
21   but must produce evidence sufficient to establish jurisdiction.  *Id.*  The court is ordinarily free
22   to weigh the evidence and determine its jurisdiction.  *Id.*

23   If the jurisdictional facts at issue go to the merits of the claim, however, the court
24   should employ an analysis similar to that used in analyzing a motion for summary judgment.

25

26   [2]  It claims in the alternative that the accident was caused by negligent hiring, training, supervision or maintenance. (Complaint, ¶ 7.)

27
28   [3]  The complaint also references 39 U.S.C. § 409 and 28 U.S.C. § 1339, but these statutes apply to actions against the U.S. Postal Service and are inapposite to the instant action.

1    *Trentacosta v. Frontier Pacific Aircraft Industries*, 813 F.2d 1553, 1558 (9th Cir.1987).

2    Such a motion will be granted "only if the material jurisdictional facts are not in dispute and

3    the moving party is entitled to prevail as a matter of law." *Id.* "Normally, the question of

4    jurisdiction and the merits of an action will be considered intertwined where, as here, a

5    statute provides the basis for both the subject matter jurisdiction of the federal court and the

6    plaintiff's substantive claim for relief." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*,

7    711 F.2d 138, 139 (9th Cir. 1983) (internal punctuation omitted).

8         In the instant case, the jurisdictional facts at issue go to the merits of the claim, and

9    the court must employ a summary judgment analysis. *See, e.g., Augustine v. United States*,

10    704 F.2d 1074, 1078-79 (9th Cir. 1983).

11

12    Discussion

13         The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq., "provides

14    a limited waiver of the sovereign immunity of the United States for torts committed by

15    federal employees acting within the scope of their employment." *Nurse v. United States*, 226

16    F.3d 996, 1000 (9th Cir. 2000). The government accepts liability "under circumstances where

17    the United States, if a private person, would be liable to the claimant in accordance with the

18    law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

19         "FTCA scope of employment determinations are made according to the principles of

20    respondeat superior of the state in which the alleged tort occurred." *Wilson v. Drake*, 87 F.3d

21    1073, 1076 (9th Cir.1996), *cert. denied*, 520 U.S. 1142  (1997)  (internal punctuation

22    omitted). In this case, Arizona law applies.

23         "In Arizona, the conduct of a servant is within the scope of employment if it is one

24    of the kind the employee is employed to perform, it occurs substantially within the authorized

25    time and space limit, and it is actuated at least in part by a purpose to serve the master."

26    *Smith v. American Express Travel Related Services Company, Inc.*, 179 Ariz. 131, 135, 876

27    P.2d 1166, 1170 (App.1994) (internal punctuation removed); *See also Olson v. Staggs-Bilt*

28    *Homes*, Inc., 23 Ariz.App. 574, 576, 534 P.2d 1073, 1075 (App.1975) ("Arizona ascribes to

1  the Restatement (Second) of Agency § 228 (1958) definition of the phrase 'scope of
2  employment.'").  In the instant case, the material facts are not in dispute.  Stephenson was
3  not acting within the scope of his employment when the accident occurred.

4         Stephenson was deployed to Davis Monthan Air Force Base to assist the 612th Air
5  Operations Group which was "engaged in command and control of air operations for military
6  security and stabilizations operations in Haiti." (Defendants' response, Exhibit 1.)  The
7  accident occurred when Stephenson was off-duty, in civilian clothes, driving from his
8  apartment to the mall for dinner.  This driving was not the kind of activity he was employed
9  to perform.  *See also* (Defendants' response, Exhibit 1)  ("While using the vehicles to
10  accomplish off-base authorized tasks . . . the deployed personnel were not performing air
11  operations support or other tasks directed by command authority.").  Stephenson's vehicle
12  was owned by the Air Force, but it was made available to him primarily as a courtesy and not
13  because his driving was intended to benefit the Air Force.  *See* Restatement (Second) of
14  Agency § 229, comment (d) ("The mere fact that the employer supplies a vehicle does not
15  establish that those who avail themselves of it are within the scope of employment while
16  upon it, especially if the use is merely casual.").

17         The accident occurred after Stephenson completed his duty shift and left the Base.
18  It did not occur "substantially within the authorized time and space limit[s]" of his
19  employment.  The fact that Stephenson is an active duty officer in the U.S. Air Force does
20  not enlarge the scope of employment beyond that which would accompany ordinary civilian
21  employment.  *Hartzell v. United States*, 786 F.2d 964, 967-69 (9th Cir. 1986).

22         Finally, by driving to the mall for dinner, Stephenson did not intend to assist the 612th
23  Air Operations Group or further the business of the U.S. Air Force.  His conduct was not
24  "actuated at least in part by a purpose to serve the master." *See Smith*, 179 Ariz. at 135, 876
25  P.2d at 1170.  At the time of the accident, Stephenson was not acting within the course and
26  scope of his employment. *See also Clamor v. United* States, 240 F.3d 1215 (9th Cir. 2001)
27  (Civilian employee of the United States Navy temporarily assigned to Pearl Harbor Naval
28  Base was not acting within the course and scope of employment at the time of the accident

1  where the accident occurred on the base, he was off-duty and driving to his temporary

2  quarters in his rental car, and the cost of the vehicle and the cost of his lodging were

3  reimbursed by the Navy.); *Driscoll v. Harmon*, 124 Ariz. 15, 601 P.2d 1051 (1979) (Enlisted

4  man on active duty with the Air Force was not acting within the course of his employment

5  at the time of the accident which occurred on the base, after his duty shift, while driving his

6  personal automobile to his off-base residence.).  The United States is therefore immune from

7  suit.  *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) Accordingly,

8

9        IT IS ORDERED that the amended motion to dismiss filed on July 10, 2006, by the

10  defendants, United States of America and United States Air Force is GRANTED.  [#14] The

11  FTCA claim based on Stephenson's alleged conduct within the course and scope of his

12  employment is dismissed.

13        Allstate's claim that the accident was caused by negligent hiring, training, supervision

14  or maintenance is not affected by this order.  *But see Nurse v. United States*, 226 F.3d 996,

15  1001-02 (9th Cir. 2000) (Complaint challenging defendants "allegedly negligent and reckless

16  employment, supervision and training" was barred by the discretionary function exception

17  to the FTCA.).

18

19        DATED this 21st day of November, 2006.

20

21

22

23

24

25

26  _____

27        Glenda E. Edmonds
      United States Magistrate Judge

28